John G. Sestak, Jr. - 003691
jsestak@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Defendants Naumann/Hobbs Material Handling Corporation, II, Inc. and Bryan and Pamela Armstrong*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSE GONZALEZ,<br><br>Plaintiff,<br><br>vs.<br><br>NAUMANN/HOBBS MATERIAL HANDLING CORPORATION II, INC., an Arizona corporation; BRYAN ARMSTRONG and PAMELA ARMSTRONG, husband and wife,<br><br>Defendants. | No. 2:16-cv-01346-DGC<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Oral Argument Requested) |

Pursuant to Rule 56, Fed.R.Civ.P., Defendant Naumann/Hobbs Material Handling Corporation II, Inc., and Bryan and Pamela Armstrong ("Defendants") moves for summary judgment.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

    **A.     General Factual and Procedural Background**

Plaintiff brought this action claiming Defendants violated the Fair Labor Standards

5395410v1(3533.65)

Act's minimum wage and overtime pay requirements for covered employers, **SOF ¶1**. Plaintiff's Complaint alleged that Plaintiff "worked as a partsman . . ." **SOF ¶2** and that beginning in March of 2013, Plaintiff's regular schedule consisted of approximately forty-eight (48) hours per week, **SOF ¶2**. Plaintiff claims that he was a non-exempt employee but was not paid overtime for hours worked in excess of forty (40) hours per week, **SOF ¶3**.

Plaintiff was employed by Defendant from September 2005 until March 2016, **SOF ¶4**. Plaintiff worked at the parts counter at Defendant's Yuma Arizona Operation until June 2013 when he applied for and was given the promotion to (Parts) Counter Sales Manager at Defendant's Mexicali, Mexico facility, **SOF ¶5**.

### B. <u>Plaintiff's Promotion Changed Status to Exempt Employee.</u>

At the time Plaintiff was promoted, Plaintiff became an exempt employee pursuant to the FLSA Exemption at 29 U.S.C. § 213 (a) (1), and 29 C.F.R. § 541.200 *et seq*. Because Plaintiff was an exempt employee who was not entitled to be paid overtime, Defendant is not liable for violating the Fair Labor Standards Act. Accordingly, Plaintiff moves the Court to enter summary judgment in its favor, dismissing Plaintiff's Complaint.

### C. <u>Plaintiff's duties as (Parts) Counter Sales Manager.</u>

The change in Plaintiff's status from parts counter employee to (Parts) Counter Sales Manager is evidenced by Defendant's Employee Change Form **SOF ¶6**. Plaintiff's duties were outlined in the job description for Counter Sales Manager **SOF ¶7**.

As detailed in the job description, among other responsibilities Plaintiff had were

2

providing support to company technicians for their parts needs, creating purchase orders to order needed parts from suppliers, placing orders with suppliers, recommending to management adding stocking items and controlling inventory, processing parts for entry into the operating system and performing inventory cycle counts, and being responsible for maintaining the parts warehouse for customers and coworkers.  Plaintiff's Complaint alleges that he was involved in transacting business across state lines, including taking new orders from customers, ordering or receiving goods from out-of-state suppliers, handling accounting or bookkeeping for ordering or receiving goods, and handling credit card transactions.  Plaintiff's Complaint ¶¶ 62-65, **SOF ¶8**.

**II.     LEGAL ARGUMENT**

29 U.S.C.A. §213 provides, in relevant part as follows:

§ 213.  Exemptions

**(a)  Minimum wage and maximum hour requirements**

The provisions of section 206 (except subsection (d) in the case of paragraph (1) of this subsection) and section 207 of this title shall not apply with respect to –

(1)  any employee employed in a bona fide executive, administrative, or professional capacity . . . .

The definition of Administrative Employees is defined in 29 CFR, §541.200 as follows:

**§541.200  General rule for administrative employees.**

(a)  The term "employee employed in a bona fide administrative capacity" in section 13(a)(1) of the Act shall mean any employee:

3

5395410v1(3533.65)

> (1)  Compensated on a salary or fee basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;
> (2)  Whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and
> (3)  Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

The regulations state that the qualifier for the administrative exemption is that the employee's primary duty must include the exercise of discretion and independent judgment, which involved the comparison and valuation of possible of courses of conduct and acting after various possibilities have been considered.  See 29 CFR , §541.202.  Administrative exemption examples are discussed in CFR §541.203.   CFR §541.203(f) provides:

> (f)  Purchasing agents with authority to bind the company on significant purchase generally meet the duties requirement for the administrative exemption even if they must consult with top management officials when making a purchase commitment for raw materials in excess of the contemplated plant needs.

Here, Plaintiff's duties as Counter Sales Manager detailed in the job description, as well as Plaintiff's own description of some of his duties in the Complaint, demonstrate that Plaintiff was an exempt administrative employee from the time he was promoted to (Parts) Counter Sales Manager in June 2013 until he left his employment (by abandoning it) in March 2016.  **SOF, Exhibit A.**

Among other responsibilities, Plaintiff's duties included creating Purchase Orders

and placing orders with suppliers, and performing duties directly related to the management or general business operations of the employer (Defendant) and Defendant's customers. Plaintiff's duties were squarely within the parameters established in the statute as well as one of the examples provided in the regulations implementing the statute. Therefore, Defendant is entitled to judgment and respectfully requests that the Court grant summary judgment on the claims asserted in Plaintiff's Complaint.

### III. CONCLUSION

Defendants respectfully request the Court grant summary judgment in their favor on the claims asserted in Plaintiff's Complaint.

RESPECTFULLY SUBMITTED this 2nd day of September, 2016.

JENNINGS, STROUSS & SALMON, P.L.C.


By  /s/ John G. Sestak, Jr.
John G. Sestak, Jr.
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
*Attorneys for Defendants Naumann/Hobbs Material Handling Corp. II, Inc. and Bryan and Pamela Armstrong.*

5395410v1(3533.65)

**CERTIFICATE OF SERVICE**

☒  I hereby certify that on _September 2, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    Trey Dayes
    Sean C. Davis
    seand@phillipsdayeslaw.com
    PHILLIPS DAYES LAW FIRM
    3101 N. Central, Suite 1500
    Phoenix, Arizona  85012
    *Attorneys for Plaintiff*

☐  I hereby certify that on_____, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

                By  /s/  Stephanie S. Wolf

6

5395410v1(3533.65)